UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MOHAMMED FADLELSEED,

                              Plaintiff,

       -against-

ABM AVIATION JFK,

                             Defendant.

-----------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

23-CV-4559
(DeArcy Hall, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

*Pro se* Plaintiff Mohammed Fadlelseed commenced this action on June 14, 2023 against Defendant ABM Aviation JFK[1] (ABM) alleging claims of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as codified in 42 U.S.C. §§ 2000e *et. seq. See generally* Dkt. No. 1 (Compl.). Currently pending before this Court, on a referral from the Honorable LaShann DeArcy Hall, United States District Judge, is ABM's motion to compel arbitration and to dismiss the complaint or, in the alternative, to stay the action pending arbitration. Dkt. No. 11; *see also* October 27, 2023 Referral Order.

For the reasons set forth below, the undersigned respectfully recommends that the Court grant in part and deny in part ABM's motion.

**I.**    **Background**

The Court takes the following facts from the Complaint (Dkt. No. 1), the Declaration of ABM attorney Dana N. Berber in Support of ABM's motion (Dkt. No. 12), the Declaration of ABM Director of Human Resources Business Functions Joseph Selby (Dkt. No. 13), and the

---

[1] The Court notes that ABM purports that "Plaintiff was employed by ABM Aviation Inc. and not ABM Aviation JFK as referenced in the caption." Dkt. 12, at n. 1.

exhibit attached thereto.  The Court may properly consider documents outside of the pleadings for purposes of deciding a motion to compel arbitration.  *See BS Sun Shipping Monrovia v. Citgo Petroleum Corp.*, No. 06-CV-839 (HB), 2006 WL 2265041, at *3 n.6 (S.D.N.Y. Aug. 8, 2006) ("While it is generally improper to consider documents not appended to the initial pleading or incorporated in that pleading by reference in the context of a Rule 12(b)(6) motion to dismiss, it is proper (and in fact necessary) to consider such extrinsic evidence when faced with a motion to compel arbitration." (citing *Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co.*, 263 F.3d 26, 32–33 (2d Cir. 2001)).

**A.     Facts**

**i.     Allegations in Plaintiff's Complaint**

Plaintiff began his employment with ABM on or about December 16, 2017.  *See* Dkt. No. 1, at 2; Declaration of Joseph Selby (Selby Decl.) ¶ 4; Dkt. No. 14, at 7.  Plaintiff served as a baggage handler at ABM's John F. Kennedy International Airport location.  *See* Selby Decl. ¶ 4.

On Monday, January 14, 2019, Plaintiff—who identifies as Muslim— used his afternoon breaktime to pray in a designated area identified as a chapel.  Compl. at 5, 8.  At a certain point, in between prayers, an unidentified individual entered the room and began to pray.  *Id.* at 8.  As this individual was praying in a manner that "was blocking the door for people coming in," Plaintiff purports to have advised him to "step in the front"— an advice that was subsequently refused and rejected.  *Id.*  This individual reportedly told Plaintiff that he is "sheea" [*sic*][2] and does not care if anyone is "disturb[ed] while he is praying."  *Id.*  After finishing his prayers, the unidentified individual left the room and returned "with some lady" who began "attacking" Plaintiff and who

---

[2]  The Court understands that the individual self-identified as "Shia"—a branch of Islam.

2

reminded him that "this chapel [is] for everyone." *Id.* Plaintiff believes that the unidentified man complained to a "lady" about Plaintiff's "behavior" in the prayer room. *Id.*

On January 21, 2019, approximately one week after the date of incident, Plaintiff was reportedly terminated.[3] Compl. at 9. On March 15, 2019, after Plaintiff filed a formal complaint, the U.S Equal Employment Opportunity Commission (EEOC) issued a "Determination and Notice of Rights" which directed Plaintiff to file suit within ninety days of receipt of the notice. *Id.* at 5, 9.

### ii. ABM's Onboarding Process and Plaintiff's Employment Agreement

The Court briefly describes the process by which Plaintiff was hired and onboarded, as it is relevant to this motion. ABM uses a recruiting technology (Jobalign) to track applicants during the application process and contracts with Sterling Talent Solutions (Sterling) to perform pre-employment background checks and manage the onboarding process. Selby Decl. ¶ 6. When an individual applies for a job with ABM, the applicant is required to provide a contact email address to Jobalign and create a password known only to the applicant. *Id.* Once ABM has interviewed and offered an applicant a position, ABM provides pertinent information about the applicant to Sterling electronically. *Id.* at ¶ 7. Sterling then sends the applicant (who is now considered a candidate) an instructional email that provides personalized log-in information to an online Candidate Portal. *Id.* at ¶ 8. All candidates are expected to access this site, validate their email addresses, and create a unique password used to access Sterling's systems. *Id.* The candidate's onboarding documents are hosted on this Candidate Portal, and candidates sign those documents using an electronic signature. *Id.* at 9. Candidates are advised, through a Consent and Notice form

---

[3] Plaintiff's exact termination date is unclear. While Plaintiff unequivocally notes that he was "terminated" on January 21, 2019 (Dkt. No. 1, at 5), he also notes that he was suspended "pending investigation" on February 21, 2019. *Id.* at 6. Nonetheless, the Court notes that it appears undisputed that Plaintiff's employment relationship with ABM was suspended in early 2019.

3

that, in pertinent parts, their electronic signature "is the legal equivalent of [their] manual signature." *Id.* Candidates further agree that their "use of the keypad, mouse, or other device to select an item, button, icon, or similar act/action, constitutes a signature as if actually signed by you in writing." *Id.* Finally, candidates are advised that—by affixing their electronic signature to the onboarding documents—they agree that "no certification authority or other third-party verification is necessary to validate [their] electronic signature" and that the "lack of such [verifications and certifications] will not in any way affect the enforceability of [their] electronic signature." *Id.* Through this Candidate Portal, should the candidate choose to complete their onboarding process online, they are provided with electronic documents and policies that must be "opened, reviewed, in their entirety, and signed…" *Id.* ¶ 10. Plaintiff are given as much time to review their onboarding documents as necessary, are not monitored by any [ABM] employees, and are pointed to ABM's Hiring Manager for any questions. *Id.* ¶ 12.

One of the onboarding documents is a Mutual Arbitration Agreement (the Arbitration Agreement) intended to be executed between ABM and each candidate. *Id.* ¶ 11; *see also* Selby Decl., Exhibit A. The Arbitration Agreement states, in pertinent parts, that:

> Final and binding arbitration before a single, neutral arbitrator shall be the exclusive remedy for any "Covered Claim" ... A "*Covered Claim*" is any claim ... that arises between [Plaintiff] and [ABM and] its ... employees ... includ[ing], but not limited to, any claim for . . . *discrimination* . . .

*See* Selby Decl., Ex. A at 1 (emphasis added); *see* Dkt. No. 14 at 5. The Arbitration Agreement further provides that:

> Arbitration will occur in the county in the United States in which [Plaintiff] reside[s] at the time the claim is filed by any of the parties to this agreement reside . . . The arbitrator shall apply the substantive law (and the laws of remedies, if applicable) of the state in which the Covered Claims arose, or federal law, or both, as applicable to the Covered Claims . . .

4

*Id*. at 1-2.  The Agreement further states that it is "governed by and enforceable under the Federal Arbitration Act (FAA)," and that the employee and ABM "agree that [they] are engaged in interstate commerce as part of the Company's business and [the employee's employment with the Company." *Id.* at 2 (quotations in original).  Finally, in bold and capitalized terms, the Arbitration Agreement notes that:

> BY SIGNING THIS AGREEMENT, I KNOWINGLY AND VOLUNTARILY WAIVE FOR ANY COVERED CLAIM THE RIGHT TO CLASS, REPRESENTATIVE, AND COLLECTIVE PROCEDURES AND THE RIGHT TO TRIAL BY JURY OR JUDGE, TO THE FULL EXTENT PERMITTED BY APPLICABLE LAW. I RETAIN ALL OTHER RIGHTS, INCLUDING MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL FACT FINDER. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT AND HAVE AVAILED MYSELF OF THE ADVICE OF COUNSEL TO THE EXTENT I WISH TO DO SO.
>
> I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, AND THAT I UNDERSTAND ITS TERMS.

*Id*. at 2-3 (emphasis in original).  ABM represented that Plaintiff completed this onboarding process as a condition for employment as a baggage employer.  Selby Decl. ¶¶ 16-19.  ABM has also provided the Court with a copy of Plaintiff's consent to the Arbitration Agreement, which bears Plaintiff electronic signature and appears identical in substance and form to the sample Arbitration Agreement provided in Exhibit A.  *See* Selby Decl., Ex. B; *see* Dkt. No. 18 ("Plaintiff's digital signed acknowledgment is the original version.").  Plaintiff does not appear to dispute the existence of this Arbitration Agreement.

### B.     Procedural History

Plaintiff, proceeding *pro se*, filed this action on June 14, 2023 alleging that his employment was wrongfully terminated (on the basis of religion) in contravention of Title VII of the Civil Rights Act of 1964.  Dkt. No. 1.  A summons was issued requiring ABM to appear and respond to

the Complaint by July 26, 2023. Dkt. No. 5-6. On July 25, 2023, ABM appeared and requested a pre-motion conference in front of Judge DeArcy Hall "in anticipation of moving to compel arbitration of Plaintiff's claims pursuant to his mandatory arbitration agreement, and to dismiss or stay the action pending arbitration." Dkt. No. 8. ABM's request for a pre-motion conference was denied. *See* Text Order dated August 10, 2023. Instead, ABM was directed to serve its motion by September 12, 2023. *Id.* ABM filed the instant motion to compel, style as a "MOTION to Compel *Arbitration and to Dismiss or Stay the Action pending Arbitration*" (emphasis in original) on September 12, 2023. Dkt. Nos. 10-16. On October 4, 2023, Plaintiff filed his purported response to ABM's motion. Dkt. No. 17. ABM filed a reply letter on October 6, 2023. Dkt. No. 18. On October 27, 2023, ABM's motion was referred to then-Magistrate Judge Ramon E. Reyes, Jr. for a report and recommendation. *See* October 27, 2023 Referral Order. On November 13, 2023, this case was reassigned to the undersigned. *See* Docket Entry dated November 13, 2023.

**II.     Standard of Review**

Motions to compel arbitration are evaluated under a standard similar to the standard for summary judgment motions. *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003); *Hines v. Overstock.com, Inc.*, 380 Fed.Appx. 22, 24 (2d Cir. 2010); *Faggiano v. CVS Pharmacy, Inc.*, 283 F. Supp. 3d 33, 36 (E.D.N.Y. 2017). The court must "consider all relevant admissible evidence" and "draw all reasonable inferences in favor of the non-moving party." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). "If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary." *Bensadoun*, 316 F.3d at 175 (citing 9 U.S.C. § 4). If, however, the arbitrability of the dispute can be decided as a matter of law based on the undisputed facts in the record, the court "may rule on the basis of that legal issue and 'avoid the

6

need for further court proceedings.'" *Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 171 (2d Cir. 2011) (quoting *Bensadoun*, 316 F.3d at 175).

**III.   Discussion**

   **A.   The Instant Claim Must be Arbitrated**

The FAA mandates that arbitration agreements "evidencing a transaction involving [interstate] commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "reflects a liberal federal policy favoring arbitration agreements and places arbitration agreements on the same footing as other contracts." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 73 (2d Cir. 2017) (internal quotation marks and citations omitted). Section 2 of the FAA provides that "[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 4 of the FAA allows a party to such an agreement to petition a district court for an order compelling arbitration where a counterparty "fail[s], neglect[s], or refus[es] . . . to arbitrate" under the terms of an arbitration agreement. *Id*. § 4. A court ruling on a petition to compel arbitration must decide two issues: [i] whether the parties agreed to arbitrate, and, if so, [ii] whether the scope of that agreement encompasses the claims at issue. *See Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 394 (2d Cir. 2015).

Here, ABM contends that the FAA mandates arbitration of Plaintiff's claim because: (i) the parties executed a valid arbitration agreement; and (ii) Plaintiff's claim against ABM falls within the scope of such arbitration agreement. Dkt. No. 17, at 16-17. As outlined below, the Court agrees with ABM on both issues.

7

First, the Court agrees that the parties formed a valid arbitration agreement. "The threshold question facing any court considering a motion to compel arbitration is whether the parties have indeed agreed to arbitrate." *Doctor's Assocs., Inc. v. Alemayehu*, 934 F.3d 245, 250 (2d Cir. 2019) (internal quotations and alterations omitted). The question is resolved with reference to state law. *Meyer*, 868 F.3d at 73-74; *Bell v. Cendant Corp.*, 293 F.3d 563, 566 (2d Cir. 2002) ("Because an agreement to arbitrate is a creature of contract . . . the ultimate question of whether the parties agreed to arbitrate is determined by state law."). Plaintiff here does not appear to dispute that he entered into an arbitration agreement with ABM—though Plaintiff appears to have requested a copy of the Arbitration Agreement from ABM's counsel. Dkt. No. 17. Indeed, ABM appears to have submitted to the Court a copy of the Arbitration Agreement bearing Plaintiff's signature. *See* Selby Decl., Ex. B; *cf. Mancilla v. ABM Indus., Inc.*, No. 20-CV-1330 (KPF), 2020 WL 4432122, at *6 (S.D.N.Y. July 29, 2020) (granting defendants' motion to compel arbitration after flagging that it would have been preferable that defendants "provide a copy of the Mutual Arbitration Agreement signed by [p]laintiff herself.").

In sum, the Court finds that ABM has satisfied its burden to show that Plaintiff indeed agreed to be bound by the Arbitration Agreement. *See generally*, Selby Decl. Though Plaintiff does not expressly contest whether he affixed his electronic signature unto the Arbitration Agreement, the Court is also not inclined to treat his request that ABM's counsel provided him with "the original agreement [he] signed with [the] company when [he] was hired." Dkt No. 13; *see Marciano v. DCH Auto Grp.,* 14 F. Supp. 3d 322, 328-30 (S.D.N.Y. 2014) (rejecting a plaintiff's argument that she never saw any language relating to arbitration though her signature appears on the agreement's authorization page).

Second, Plaintiff's claim appears to fall squarely within the scope of the Arbitration Agreement. The Arbitration Agreement plainly includes, as a "Covered Claim", any discrimination claim that may arise between Plaintiff and ABM. *See* Selby Decl., Ex. A at 1; *see* Dkt. No. 14 at 5. Plaintiff here alleges that he suffered from discrimination on the basis of religion when his employment was terminated in early 2019. Dkt. No. 1, at 3-6. Simply put, the Arbitration Agreement appears to cover the discrimination claim enshrined in Plaintiff's Complaint.

The Court thus recommends that the Court grant ABM's motion to compel arbitration. *See Forbes v. A.G. Edwards & Sons, Inc.,* No. 08–CV–552, 2009 WL 424146, at *3 (S.D.N.Y. Feb. 18, 2009) ("When a district court determines that the issue before it is referable to arbitration pursuant to an arbitration agreement, the FAA 'leaves no place for the exercise of discretion,' but instead, mandates that the court 'direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

### B. This Case Should be Stayed

Having concluded that the Arbitration Agreement is enforceable and that Plaintiff's claims fall within its broad scope, the Court must decide whether to dismiss or stay the action.

When all claims have been referred to arbitration and a stay is requested, the Court *must* grant the stay. *See Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015) (holding that "the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested.") (emphasis added). Here, ABM requested either dismissal or stay of this action. *See* Dkt. No. 12, at 1, Dkt No. 14, at 6, 17-18; Dkt. 18, at 2. Following *Katz*, courts in this Circuit "generally should stay the proceedings pending arbitration, rather than dismiss the case." *Osorio v. CVS Pharmacy*, No. 22-CV-6575L,

9

2023 WL 3093872, at *1 (W.D.N.Y. Apr. 26, 2023) (citing *Katz*, 794 F.3d at 347; *see, e.g.*, *TIG Ins. Co. v. Am. Home Assurance Co.*, No. 18-CV-10183 (VSB), 2020 WL 605974, at *4 (S.D.N.Y. Feb. 7, 2020) (same); *Porcelli v. JetSmarter, Inc.*, No. 19-CV-2537 (PAE), 2019 WL 2371896, at *4 (S.D.N.Y. June 5, 2019); *Crawley v. Macy's Retail Holdings, Inc.*, No. 15-CV-2228 (KPF), 2017 WL 2297018, at *6 (S.D.N.Y. May 25, 2017); *see also Mancilla*, WL 4432122, at *10. Accordingly, the Court recommends that this action be stayed.

### IV. Conclusion

Accordingly, the Court respectfully recommends that the Court grant ABM's motion in part and deny it in part; specifically, the Court recommends that ABM's motion to compel be GRANTED and that this case be STAYED pending arbitration.

A copy of this Report and Recommendation is being electronically served on counsel. This Court directs Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants and to file proof of service on ECF by January 17, 2024. Copies shall be served at the following address, which is the address listed for Plaintiff on the docket:

> MOHAMMED FADLELSEED
> 310 Beach 42nd Street
> Far Rockaway, NY 11691

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge DeArcy Hall. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP*

10

*v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:     Brooklyn, New York
            January 16, 2024

                                              */s/ Joseph A. Marutollo*
                                              JOSEPH A. MARUTOLLO
                                              United States Magistrate Judge