UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MOHAMMED FADLELSEED,

                      Plaintiff,

v.

ABM AVIATION JFK,

                      Defendants.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

23-cv-4559 (LDH) (LKE)

---

LASHANN DEARCY HALL, United States District Judge:

    Mohammed Fadlelseed ("Plaintiff"), proceeding pro se, commenced this action against ABM Aviation JFK ("Defendant") asserting a claim for unlawful discharge under Title VII of the Civil Rights Act of 1964 ("Title VII"). ABM moved pursuant to Federal Rule of Civil Procedure 12(b)(1) and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, to compel arbitration and to dismiss the complaint or, in the alternative, to stay the action pending arbitration. On January 16, 2024, Magistrate Judge Joseph A. Marutollo filed a report and recommendation ("R&R"), recommending that Defendant's motion be granted, in part. (*See* R&R at 1, ECF No. 20.) Plaintiff timely objected to the R&R on January 24, 2024. (*See* Pl.'s Obj. to R&R, ECF No. 22.)

## BACKGROUND[1]

    Plaintiff was employed with Defendant as a baggage handler at John F. Kennedy International Airport from December 16, 2017, until he was terminated on January 21, 2019.

---

[1] The following facts are taken from the Complaint (ECF No. 1) and the Declaration of Defendant's Director of Human Resources Business Functions Joseph Selby (ECF No. 13), which the Court may consider in deciding a motion to compel arbitration. *See Sphere Drake Ins. Ltd. v. Clarendon Nat. Ins.*, 263 F.3d 26, 32–33 (2d Cir. 2001) (vacating in part a district court's order compelling arbitration based on a testimonial affidavit submitted by the appellant).

1

(Selby Decl. ¶ 4, ECF No. 13; Compl. at 5, ECF No. 1.)  As a condition of Plaintiff's employment, Defendant required Plaintiff to complete an onboarding process.  (Selby Decl. ¶¶ 16–19.)  One of the onboarding documents Plaintiff was required to sign is a Mutual Arbitration Agreement (the "Arbitration Agreement") intended to be executed between Defendant and each job candidate.  (*Id.* ¶ 11; *see also* Selby Decl., Exhibit A, ECF No. 13-1.)  The Arbitration Agreement states, in relevant part, that:

> Final and binding arbitration before a single, neutral arbitrator shall be the exclusive remedy for any "Covered Claim". . . . A "Covered Claim" is any claim . . . that arises between [Plaintiff] and [ABM and] its . . . employees . . . includ[ing], but not limited to, any claim for . . . **discrimination**. . . .

*See* Selby Decl., Ex. A at 1 (emphasis added). The Arbitration Agreement further provides that:

> Arbitration will occur in the county in the United States in which [Plaintiff] reside[s] at the time the claim is filed by any of the parties to this agreement . . . The arbitrator shall apply the substantive law (and the laws of remedies, if applicable) of the state in which the Covered Claims arose, or federal law, or both, as applicable to the Covered Claims . . .

(*Id*. at 1–2.)  Under the Arbitration Agreement, the candidates acknowledge that by signing the Arbitration Agreement they "knowingly and voluntarily waive[d] [] any covered claim[,] the right to class, representative, and collective procedures and the right to trial by jury or judge, to the full extent permitted by applicable law." (*Id.* at 2–3.)  On December 16, 2017, Plaintiff provided a digital signature acknowledging the Arbitration Agreement and the waiver of his right to bring a covered claim in civil court as part of his onboarding process to work for Defendant as a baggage handler.  (Selby Decl. ¶¶ 16-19; Selby Decl., Ex. B, ECF No. 13-2.)

On Monday, January 14, 2019, Plaintiff spent his evening break engaging in Muslim prayer in a designated prayer room.  (Compl. at 5, 8.)  In the midst of Plaintiff's prayer, an unidentified man entered the room.  (*Id.* at 8.)  Noticing that this individual was blocking the door, Plaintiff asked him to move.  (*Id.*)  The individual did not heed Plaintiff's request and told

Plaintiff that he did not care if he was disruptive. (*Id.*) The individual left the room, but returned with an unidentified woman who, according to the complaint, berated Plaintiff, telling him that the prayer room is meant for "everyone." (*Id.*)

On January 21, 2019, approximately one week after the incident in the prayer room, Plaintiff was terminated.[2] (*Id.* at 5.) Plaintiff filed a formal complaint with the U.S Equal Employment Opportunity Commission ("EEOC") on March 15, 2019. (*Id.* at 5.) The EEOC subsequently issued a "Determination and Notice of Rights" which directed Plaintiff to file suit within ninety days of receipt of the notice. (*Id*. at 9.) Plaintiff commenced this action on June 14, 2023.

On September 12, 2023, Defendant filed a motion to compel arbitration and dismiss the complaint or, in the alternative, to stay the action pending arbitration. (*See* ECF No. 11.) The Court referred the motion to then-Magistrate Judge Ramon E. Reyes, Jr. for a report and recommendation on October 27, 2023. On November 13, 2023, this case was reassigned to Magistrate Judge Joseph A. Marutollo. On January 16, 2024, Judge Marutollo filed an R&R, recommending that Defendant's motion be granted, in part. (*See* R&R at 1.)

With respect to Defendant's motion to compel arbitration, Judge Marutollo considered two questions: (1) whether the parties executed a valid arbitration agreement; and, if so, (2) whether Plaintiff's claim against Defendant falls within the scope of that agreement. (*Id.* at 7.) Judge Marutollo answered each in the affirmative. With respect to the first question, Judge Marutollo found that Plaintiff agreed to be bound by the Arbitration Agreement and that Plaintiff

---

[2] Curiously, Plaintiff also notes that he was suspended "pending investigation" on February 21, 2019. (*Id.* at 6.) Nonetheless, the Court notes that it appears undisputed that Plaintiff's employment relationship with ABM was suspended in early 2019.

3

does not contest that fact. (*Id.* at 8.) As to the second question, Judge Marutollo concluded that Plaintiff's discrimination claim falls squarely within the scope of the Arbitration Agreement given that discrimination claims are expressly listed as a "Covered Claim" in the Arbitration Agreement. (*Id.*) Judge Marutollo recommended that the case be stayed, rather than dismissed, during the pendency of arbitration. (*Id.* at 9-10.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a de novo review of those portions of a report and recommendation to which a party submits a timely objection. *Id.* Where there are no objections to portions of the report, the district court "'need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

The Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008). In accordance with this national policy, the FAA requires courts to compel arbitration of claims that the parties have agreed to arbitrate. *See AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Section 2 of the FAA provides that "[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 4 of the FAA allows a party to

4

such an agreement to petition a district court for an order compelling arbitration where a counterparty "fail[s], neglect[s], or refus[es] . . . to arbitrate" under the terms of an arbitration agreement. *Id*. § 4.

In deciding a motion to compel arbitration, courts apply a similar standard to that applied to a motion for summary judgment and "draw all reasonable inferences in favor of the non-moving party." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016); *see also Soliman v. Subway Franchisee Advert. Fund Tr., Ltd.*, 999 F.3d 828, 833–34 (2d Cir. 2021). The party "seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid." *Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010) (citing *Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 91–92 (2000)). In addition, "[a] district court must stay proceedings once it is 'satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding.'" *Nicosia*, 834 F.3d at 229 (quoting *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997)); *see also Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("[A] stay of proceedings [is] necessary after all claims have been referred to arbitration and a stay requested.").

Courts consider four factors in order to determine whether an action should be stayed or dismissed in favor of arbitration: "(1) whether the parties agreed to arbitrate; (2) the scope [of] the arbitration agreement; (3) whether, if federal statutory claims are asserted, Congress intended those claims to be nonarbitrable; and (4) whether, if some but not all of the claims in the case are arbitrable, the case should be stayed pending arbitration." *McAllister v. Conn. Renaissance Inc.*, 496 F. App'x 104, 106 (2d Cir. 2012).

Here, Plaintiff does not dispute that he signed the Arbitration Agreement as a condition of his employment with Defendant. (Selby Decl. ¶¶ 16-19; Selby Decl., Ex. B.). The Arbitration

5

Agreement explicitly covers "any claim for . . . discrimination." (*See* Selby Decl., Ex. A at 1.) Courts in the Second Circuit have repeatedly held that the FAA reflects a congressional intent to arbitrate statutory discrimination claims. *Greene v. Am. Bldg. Maint.*, No. 12-CV-4899, 2013 WL 4647520, at *2 (E.D.N.Y. Aug. 28, 2013) (collecting cases). The Court, therefore, finds no error in Judge Marutollo's conclusion that the Arbitration Agreement that Plaintiff signed must be enforced.

In his objection to the R&R, Plaintiff does not expressly contest particular findings and recommendations of the R&R. Rather, Plaintiff argues that the Supreme Court "has held that mandatory arbitration clauses in employment contracts are generally unenforceable." (Pl.'s Obj. at 1.) Not so. It is true that Section 2 of the FAA permits arbitration agreements to be declared unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. But, the Supreme Court has interpreted this language as permitting "agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Concepcion*, 563 U.S. at 339 (citations and internal quotations omitted). Plaintiff has not raised any contract defenses and the Court discerns no such defenses from a liberal reading of Plaintiff's pro se complaint. Instead, his objection is to the enforcement of the Arbitration Agreement itself, the very argument the Supreme Court has rejected.

Plaintiff also contends that arbitration agreements restricting the availability of employees to file class actions undermine the Fair Labor Standards Act ("FLSA"). (*Id.*) To the contrary, in *Epic Sys. Corp. v. Lewis*, the Court held that arbitration agreements that prevented employees from bringing their claims in class or collective actions did not violate the FLSA and

6

reaffirmed its understanding that "Congress requires courts to respect and enforce agreements to arbitrate." 584 U.S. 497, 506 (2018); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967) (discussing "the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts").

The Arbitration Agreement is enforceable and this litigation must be stayed pending arbitration. *Nicosia*, 834 F.3d at 229.

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED. Defendant's motion to compel arbitration and stay this case is GRANTED. Defendants' motion to dismiss is DENIED.

SO ORDERED.

Dated: Brooklyn, New York　　　　　　　　　　　/s/ LDH
　　　　September 30, 2024　　　　　　　　　　LaSHANN DeARCY HALL
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge